**Jack LOUMENA, Plaintiff–Appellant,**

v.

**Pamela KENNEDY; et al.,**
**Defendants–Appellees.**

**No. 15–17110**

United States Court of Appeals,
Ninth Circuit.

Submitted November 16, 2016 *

Filed November 23, 2016

Jack Loumena, Pro Se.

Bruce Douglas MacLeod, Attorney, Willoughby, Stuart & Bening, San Jose, CA, for Defendants–Appellees Walter P. Hammon, Travis I. Krepelka, Scott Raley.

Ellyn Nesbit, Willoughby, Stuart & Bening, San Jose, CA, for Defendants–Appellees Walter P. Hammon, Travis I. Krepelka.

Dave M. McGraw, Esquire, Corporation Counsel, Fidelity National Law Group, Walnut Creek, CA, for Defendants–Appellees Jeanie O'Connor, Chicago Title Company.

Helen Hoeffel, Fidelity National Law Group, a Division of Fidelity National Title Group, Inc., Walnut Creek, CA, for Defendant–Appellee Chicago Title Company.

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

MEMORANDUM **

Jack Loumena appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional violations in connection with his parents' state court divorce proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker–Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058–59 (9th Cir. 2008). We affirm.

Dismissal of Loumena's action was proper because Loumena failed to allege facts sufficient to show that any defendant was acting under the color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (private parties do not generally

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

act under color of state law for § 1983 purposes).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.